UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SONIA PAINE,

        Plaintiff,

v.                                                           Case No.: 6:22-cv-1199-WWB-RMN

SEBASTIAN VANELLA and PAZ
CONSUELO ESTOL LEUENBERG,

        Defendants.
_____/

## ORDER

THIS CAUSE is before the Court Defendants' Omnibus Motion in Limine to Exclude Emotional Damage Testimony (Doc. 85), Plaintiff's Omnibus Motion in Limine (Doc. 86), and the responses (Doc. Nos. 88, 89) thereto. For the reasons set forth below, Defendants' Motion will be denied and Plaintiff's Motion will be granted in part and denied in part.

**I.  BACKGROUND**

The facts of this case are fully set forth in this Court's February 21, 2024 Order (Doc. 93) on Defendants' Motion for Summary Judgment. (*Id.* at 1–3).

**II.  LEGAL STANDARD**

"A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." *Stewart v. Hooters of Am., Inc.*, No. 8:04-cv-40-T, 2007 WL 1752843, at *1 (M.D. Fla. June 18, 2007). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *United States v.*

*Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010) (quotation omitted).  "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground."  *Id.*

### III.    DISCUSSION

First, Defendants seek to exclude testimony and evidence relating to Plaintiff's emotional distress.  Specifically, Defendants argue that such testimony is not relevant to Plaintiff's claims under the Fair Labor Standards Act and any probative value of such testimony to Plaintiff's claim for negligent infliction of emotional distress ("**NIED**") is outweighed by unfair prejudice.  This Court granted summary judgment in favor of Defendants as to Plaintiff's NIED claim, so Defendants' arguments with respect to the NIED claim are moot and will not be discussed further.  (Doc. 93 at 11–12).

In her Response in Opposition, Plaintiff does not dispute that emotional distress damages are not recoverable under 29 U.S.C. § 216(b) for wage claims.  *See Powell v. Carey Int'l, Inc.*, 514 F. Supp. 2d 1302, 1324 (S.D. Fla. 2007).  Instead, Plaintiff argues that she adequately alleged entitlement to emotional distress damages in her Trafficking Victims Protection Act ("**TVPA**") claims.  In Counts I and II of the Complaint (Doc. 1), Plaintiff alleges that Defendants "caus[ed] her emotional distress" and, as a result, she "is entitled to recover compensatory and punitive damages."  (*Id.* at 5–7).  In both claims "Plaintiff demands judgment against Defendants, jointly and severally, for compensatory and punitive damages[.]"  (*Id.*).  Based on these allegations, the Court finds that Plaintiff has adequately alleged a claim for emotional distress damages under the TVPA.  *See Sheely v. MRI Radiology Network, P.A.*, 506 F.3d 1173, 1198, 1203 (11th Cir. 2007) (discussing emotional damages as "non-economic compensatory damages" and stating

that "emotional damages are plainly a form of compensatory damages designed to make good the wrong done" (quotation omitted)). Courts have held that "[t]he TVPA permits a plaintiff to recover emotional distress awards for different [TVPA] violations." *Arreguin v. Sanchez*, 398 F. Supp. 3d 1314, 1327 (S.D. Ga. 2019) (quotation omitted). Therefore, Defendants have not met their burden at this stage of the proceedings and their request for exclusion will be denied.

Turning to Plaintiff's Motion, Plaintiff seeks exclusion of the following: (1) evidence not produced during discovery; (2) evidence produced pursuant to improperly noticed third-party subpoenas; (3) references to a visa application process; and (4) references to Plaintiff's continued residence and employment in the United States.

Defendants argue that Plaintiff's first request should be denied because it fails to cite specific evidence that Plaintiff wishes to exclude or to establish that such evidence is excludable under Rule 26. "Motions in limine should be limited to specific pieces of evidence and not serve as reinforcement regarding the various rules governing trial, or (re)-addressing substantive motions such as motions for summary judgment." *Holder v. Anderson*, No. 3:16-cv-1307-J, 2018 WL 4956757, at *1 (M.D. Fla. May 30, 2018). "The court may deny a motion in limine when it lacks the necessary specificity with respect to the evidence to be excluded." *Bowden ex rel. Bowden v. Wal-Mart Stores, Inc.*, No. CIV. A. 99-D-880-E, 2001 WL 617521, at *1 (M.D. Ala. Feb. 20, 2001) (quotation omitted). In her Motion, Plaintiff simply cites Rule 37's prohibition on using information or witnesses that were not disclosed in accordance with Rule 26. Plaintiff does not direct the Court to any specific evidence or state how Defendants failed to comply with Rule 26 as to such

3

evidence. Because the Court cannot discern what argument, testimony, or evidence can or should be excluded, Plaintiff's first request will be denied.

Although Defendants do not specifically oppose Plaintiff's second request, the Court notes that it fails for the same reasons as Plaintiff's first request. Plaintiff generally argues that Defendants violated Rule 45 and Local Rule 3.04 during the course of this litigation. However, Plaintiff does not cite to exactly what evidence that she seeks to exclude as a result—or even where such evidence might have come from—or argue that Defendants violated the rules in obtaining that evidence. Therefore, Plaintiff's second request will also be denied for lack of specificity.

Defendants have also not responded to Plaintiff's third and fourth requests. Accordingly, these requests will be granted as unopposed. *See* M.D. Fla. R. 3.01(c); *MacuHealth, LP v. Vision Elements, Inc.*, No. 8:22-cv-199, 2023 WL 4030424, at *3 (M.D. Fla. June 15, 2023); *Davis v. Little Giant Ladder Sys., LLC*, No. 2:19-cv-780, 2022 WL 3924144, at *5–7 (M.D. Fla. Aug. 31, 2022).

### IV. CONCLUSION

For the reasons set forth herein, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendants' Omnibus Motion in Limine to Exclude Emotional Damage Testimony (Doc. 85) is **DENIED**.

2. Plaintiff's Omnibus Motion in Limine (Doc. 86) is **GRANTED in part** as set forth herein and **DENIED** in all other respects.

**DONE AND ORDERED** in Orlando, Florida on September 9, 2024.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record