UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SONIA PAINE,

    Plaintiff,

vs.

SEBASTIAN VANELLA; and
PAZ CONSUELO ESTOL
LEUENBERG,

    Defendants.

Case No.
6:22-cv-1199-WWB-RMN

## REPORT AND RECOMMENDATION

This matter is before the Court without oral argument on Plaintiff's Supplemental Motion for Attorney's Fees (Dkt. 186). Defendants did not file a response, and the time to do so has expired. *See* Local Rule 3.01(d) (setting a 14-day response deadline for most motions with limited exceptions that do not apply to this motion). The motion is therefore treated as unopposed. *See id.* ("If a party fails to respond, the motion is subject to treatment as unopposed."). I respectfully recommend the Court grant the motion.

### I.  BACKGROUND

This case was tried before a jury in December 2024. *See* Dkts. 132, 134, 138, 139. The jury returned a verdict for Plaintiff on all

her claims, including those brought under the Trafficking Victims Protection Act ("TVPA"), the Fair Labor Standards Act ("FLSA"), and the Florida Minimum Wage Act ("FMWA"). *See* Dkt. 141. Judgment was subsequently entered in Plaintiff's favor. Dkt. 150. The Court found Plaintiff entitled to an award of attorney's fees because she prevailed at trial. Dkts. 169 (Report and Recommendation), 182 (Order). The instant motion followed and is ripe for review.

## II.  LEGAL STANDARD

The Court calculates reasonable attorney's fees according to the lodestar approach, which multiplies the "hours reasonably expended by a reasonable hourly rate." *Norman v. Hous. Auth. Of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). A reasonable hourly rate is the common rate in the area "for similar services by lawyers of reasonably comparable skills, experience and reputation." *Id.* An applicant requesting attorney's fees has the burden of showing "that the requested rate is in line with the prevailing market rates." *Id.* But the Court "has wide discretion in exercising its judgment on the appropriate fee based on its own expertise." *Id.* at 1304.

To aid in analyzing a fee request's reasonableness, the Supreme Court has stated that courts may consider the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.

1974).[1] *See Blanchard v. Bergeron*, 489 U.S. 87, 91 (1989). Those factors include:

> (1) The time and labor required;
> (2) The novelty and difficulty of the questions presented;
> (3) The skill required to perform the legal service properly;
> (4) The preclusion of other employment by the attorney due to acceptance of the case;
> (5) The customary fee;
> (6) Whether the fee is fixed or contingent;
> (7) Time limitations imposed by the client or circumstances;
> (8) The amount involved and the results obtained;
> (9) The experience, reputation, and ability of the attorneys;
> (10) The "undesirability" of the case;
> (11) The nature and length of the professional relationship with the client; and
> (12) Awards in similar cases.

*Johnson*, 488 F.2d at 717–19.

## III. ANALYSIS

The lodestar approach requires the Court to consider the reasonable hourly rate requested by counsel and the reasonableness of

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981, like *Johnson. Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

the hours expended. Attorney Walter Tache submitted a declaration and billing records in support of the motion. Dkt. 186-2. There were 8 lawyers who worked on this case through trial with hourly rates ranging from $500.00 per hour to $275.00[2] per hour. *Id.* at 1577.[3] The attorneys spent a total of 571.05 hours on this case through trial. *Id.*

## A.    Reasonable Hourly Rate

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *Norman*, 836 F.2d at 1299. The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. *Id.* (citing *NAACP v. City of Evergreen*, 812 F.2d 1332, 1338 (11th Cir. 1987)). Satisfactory evidence is more than the affidavit of the attorney performing the work, and such evidence "must speak to rates actually billed and paid in similar lawsuits." *Id.*

In determining what is a reasonable hourly rate and what number of compensable hours is reasonable, the court may consider the factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488

---

[2] The Court previously ruled that hourly rates of $275.00 per hour for lawyers with two and three years of experience, respectively, were reasonable. *See* Dkt. 56.

[3] In this Report, pinpoint citations to the record reference the PageID found in the CM/ECF header of each page.

F.2d 714 (5th Cir. 1974). *See Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and the ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717–19. These factors guide, and are usually subsumed within, the Court's lodestar calculation. *Hensley v. Eckerhart*, 461 U.S. 424, 434 n.9 (1983).

Tache has been licensed for over 30 years. He is the firm's managing partner and has extensive experience representing clients in causes of action like this case. *See* Dkt. 186-2 at 1573–74. He states his reasonable hourly rate is $445.00 and $500.00. *Id.* at 1575.

Attorney Marissel Descalzo has been practicing for over 13 years, is a partner with the firm, and is recognized by Chambers, Super Lawyers, and Best Lawyers. Dkt. 186-2 at 1574. Tache states Descalzo reasonable rate is $500.00. *Id.* at 1575.

Jessica Melendez is an associate with the firm. She has been practicing for about 10 years. Her stated hourly rate is $385.00. *Id.* Monica Fernandez is also an associate with the firm and has been practicing for 10 years. Her stated hourly rate is 275.00. *Id.*

Stefano Battistoni is an associate and has been practicing for about 7 years. His stated hourly rate is $275.00 and $325.00. *Id.* Alyssa Altonaga and Sabryna Raymond have both been practicing for about 6 years. Their stated hourly rates are $350.00. And finally, Kassandra Cabrera has been practicing for about 5 years. Her stated hourly rate is $375.00.[4]

I find these rates reasonable for the type of case and the experiences of these lawyers. *See* Dkt. 56 (finding similar rates reasonable in this case). Based on the above, I recommend the Court find the proposed rates reasonable.

### B.    Reasonable Hours[5]

Next, the Court must determine whether the hours expended are reasonable. Fee applicants must exercise "billing judgment," meaning

---

[4] All of these rates are the stated reasonable hourly rates during the relevant time frame that each attorney worked on the file. These rates were effective January 1, 2022, and are updated annually. *See* Dkt. 186-2 at 1576.

[5] The attorneys already reduced the requested number of hours by 278 hours.

they should omit hours that are excessive, redundant, or otherwise unnecessary, regardless of experience or skill. *Barnes*, 168 F.3d at 428. If fee applicants fail to exclude "excessive, redundant, or otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*," the Court must exercise billing judgment for them. *Norman*, 836 F.2d at 1301 (emphasis in original). The "goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection," and so "trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

I find the hours spent in this matter reasonable given the length and complexity of the issues presented.[6] Moreover, counsel has already reduced their hours requested by 278 hours. *See* Dkt. 186-2 at 1577. And because Defendants did not respond to the Motion or raise a single objection to any time entries, I recommend the Court find the hours spent reasonable.

## IV.  RECOMMENDATIONS

Accordingly, I respectfully **RECOMMEND** the Court:

---

[6] It should also be noted that all the parties involved in this case do not speak English. This wrinkle added to the time spent in this matter. Dkt. 186-2 at 1578.

1.    **GRANT** Plaintiff's Supplemental Motion for Attorney's Fees (Dkt. 186); and

2.    **AWARD** Plaintiff an award of fees in the amount of $190,860.25.

### Notice to Parties

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**ENTERED** in Orlando, Florida, on April 15, 2026.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Hon. Wendy W. Berger

Counsel of Record